**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )     **Case No. 09-CR-30159-01-MJR** |
| **JOHN WYSINGER,** | ) |
| | ) |
| **Defendant.** | ) |

<u>**ORDER**</u>

**REAGAN, District Judge:**

       This case was recently remanded for retrial after the Court of Appeals for the Seventh Circuit found that the better portion of a videotape of Defendant John Wysinger's interrogation should have been suppressed. Before the Court is Defendant Wysinger's motion for disclosure of grand jury minutes and records, including records of prior presentments, attendance records, instructions to the grand jury, voting procedures, any no-true bills relative to the allegations contained in the indictment, and colloquies between prosecutors and the grand jury (Doc. 319).

       Wysinger acknowledges that presentation of illegally obtained evidence to the grand jury is not ground for dismissal of an indictment (*United States v. Greve*, 490 F.3d 566, 571 (7th Cir. 2007). However, citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988), he contends that a grand jury indictment may be dismissed where there is a substantive defect and it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations.

1

A similar motion was previously denied in connection with Wysinger's original trial (Docs. 106 and 151). The present motion fairs no better, despite its being premised upon the presentation of suppressed evidence to the grand jury.

As the Supreme Court has stated:

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

*Costello v. United States,* 350 U.S. 359, 363 (1956) (footnote omitted).

Although the proper functioning of grand juries "depends upon their absolute secrecy," *In re Grand Jury Proceedings, Special Sept., 1986,* 942 F.2d 1195, 1198 (7th Cir. 1991), the Court may order the disclosure of grand jury proceedings to a defendant "who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.R.Crim.P. 6(e) (3)(E)(ii). The key phrase of the rule is "show that a ground may exist" as opposed to "speculate that a ground may exist." In other words, "[i]n order for a party to gain access to the normally inaccessible transcripts of proceedings before a grand jury, there must be a showing of particularized need." *United States v. Canino,* 949 F.2d 928, 943 (7th Cir. 1991) (citing *United States v. Edelson,* 581 F.2d 1290, 1291 (7th Cir. 1978)). The burden of demonstrating "particularized need" is met if the defendant shows that the grand jury records are "needed to avoid possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed." *United States v. Balogun,* 971 F.Supp. 1215, 1232 (N.D.Ill.1997) (quoting

*Douglas Oil Co. v. Petrol Stops Nw.,* 441 U.S. 211, 222 (1979)). Additionally, "in considering the effects of disclosure of grand jury proceedings, the courts must consider not only immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Id.* (quoting *Douglas Oil,* 441 U.S. at 222). However, it should be noted that "[m]ere unsupported speculation of possible prosecutorial abuse does not meet the particularized need standard." *Canino,* 949 F.2d at 943 (citing *Edelson,* 581 F.2d at 1291).

*Bank of Nova Scotia v. United States* does hold that a grand jury indictment may be dismissed where there is a substantive defect and it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations. However, that edict is taken out of context. The Supreme Court was speaking to rare instances where an indictment would be dismissed due to non-constitutional errors that would otherwise be deemed harmless error. In *Bank of Nova Scotia*, the Supreme Court went on to reiterate that the Court—and a defendant—cannot look behind a valid indictment. 487 U.S. at 261. A defendant cannot even challenge an indictment on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination. *United States v. Calandra*, 414 U.S. 338, 345 (1974) (citing *Lawn v. United States*, 355 U.S. 339 (1958)).

Wysinger's attorney offers a brief, amorphous rationale for invading the grand jury process: "I have a good faith belief that information or evidence exists concerning discovery I am seeking or which I seek to suppress." Doc. 319, p. 2. The purpose of Wysinger's broad request appears to be to gather evidence to undercut the grand jury process in returning the indictment, or to uncover prosecutorial misconduct. However, Wysinger has nothing more than a hope of discovering wrongdoing based on the suppression of evidence due to the

unconstitutional actions of a law enforcement agent. The prosecutor was not implicated in any way in the conduct that resulted in the suppression of the interrogation evidence. A hope or a hunch is not good enough for the Court to break the secrecy required for the effective functioning of the grand jury. *See Canino,* 949 F.2d at 943 ("[T]he defense, in its brief, has not pointed to anything in the record which might suggest that the prosecutor engaged in improper conduct before the grand jury. We are left with only the defense's suspicious hunch ....").

For the reasons stated, Defendant Wysinger's motion for disclosure of grand jury minutes and records (Doc. 319) is **DENIED**.

**DATED: August 30, 2012**

<u>s/ *Michael J. Reagan*</u>
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**